# PROBATE COURT

### No. 925

### In Re, NATHANIEL MILLER

#### Tuscarawas Probate Court

#### Decided 1926

**1271. WILLS—1.** Where paper is carried by decedent in his pocket for over five years, and at his death it has become so pocket worn as to cause it to fall into seven pieces, it can not be admitted to probate as a spoliated will if its condition can be shown to have existed before the testator's death.

2. Where part of witnesses' signature are obliterated and if the witnesses can identify the portions remaining as their signatures, the will may be probated if it has not been revoked or cancelled within the meaning of 10555 GC. LEMNECK, J.

This proceeding was instituted in the Tuscarawas Probate Court for the purpose of probating an instrument in writing purporting to be the last will and testament of Nathaniel Miller. The instrument, when filed, was in seven distinct pieces, which were parts of a single sheet of paper written on both sides. After assembling these pieces it was found that one piece was missing, leaving the introductory clause in an incomplete state.

The dispository clause was in complete form except a bequest to one Elma Williams which was partially obliterated by pocket wear, so that the figures remaining read $25. Part of the attestation was missing also, so that only portions of the witnesses' signatures remained.

It seems that the testator carried the instrument in his inside coat pocket from the time of its execution Nov. 13, 1920 until his death on March 3, 1926. The Court in admitting the instrument to probate, held:

1. Since the instrument became in the condition in which it was found prior to the testator's death, it could not be admitted to probate as a spoliated will under 10543 GC.

2. The witnesses to the will testified that they saw the testator sign the will at the end that same was acknowledged in their presence; and the words "Eli J. Mill" and "G. V. S." are all that remains of the signatures of the witnesses. Eli J. Miller and G. V. Schwab were able to identify the portions as part of their signatures so that 10505 GC. is satisfied as to proper attestation.

3. The careless manner in which the testator kept the instrument is not sufficient to show revocation or cancellation as is required by 10555 GC.

4. The will is in such original form and condition as when executed and witnesses to warrant its being admitted to probate; and in view of testimony by the scrivener that the bequest to Elma Williams was originally $250, which seems reasonable since no bequest exceeded $500, the instrument is admitted to probate and the bequest to Elma Williams will be recorded as $250.

Decree accordingly.

Attorneys—C. W. Ferrell, New Philadelphia, for proponents.